FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 APR 23 PM 12: 20

U.S. DISTRICT COURT
N.D. OF ALABAMA

LARRY L. MILLER,            }
                            }
     Plaintiff,             }
                            }   CIVIL ACTION NO.
     vs.                    }
                            }   CV-98-AR-0866-S
STATE FARM MUTUAL AUTOMOBILE}
INSURANCE COMPANY and ROBERT}
L. "PETE" SMITH,            }   **ENTERED**
                            }
     Defendants.            }   APR 23 1998

## MEMORANDUM OPINION

The court has for its consideration a motion to remand filed by plaintiff, Larry L. Miller ("Miller"), in the above-entitled action. The court heard oral argument on said motion at its April 17, 1998, motion docket. For the reasons set out more fully below, the court now concludes that Miller's said motion is due to be granted.

Miller filed this action in the Circuit Court for Jefferson County, Alabama, on March 10, 1998, against defendants, State Farm Mutual Automobile Insurance Company ("State Farm") and Robert L. "Pete" Smith ("Smith"). Relying on Alabama law, he alleges breach of contract, fraud, and, only against Smith, negligent procurement of insurance. On April 9, 1998, defendants

removed the action to this court despite the fact that Smith is a non-diverse party. In their notice of removal, they contend that Miller fraudulently joined Smith for the purpose of defeating this court's diversity jurisdiction.

It is well settled that the removing parties bear the burden of proving that the joinder of a nondiverse defendant was fraudulent. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Sellers v. Foremost Ins. Co.*, 924 F. Supp. 1116, 1117-18 (M.D. Ala. 1996). One commentator has described this burden as "substantial." 16 *Moore's Federal Practice*, 107.14[2][c][iv][B] (Matthew Bender 3d ed.). In fact, to establish fraudulent joinder, defendants in this case must demonstrate either: (1) that there is no possibility that Miller can maintain a cause of action in the state court against Smith; or, (2) that there has been outright fraud in Miller's pleading of the jurisdictional facts. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *Coker*, 709 F.2d at 1440. From their pleadngs, defendants do not seem to want to charge plaintiff with sanctionable fraud.

Moreover, in disposing of fraudulent joinder claims, the district courts are to determine removability "according to the

2

plaintiff's pleading at the time of the petition for removal," including any affidavits and/or deposition transcripts that may have been submitted. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996); *Cabalceta*, 883 F.2d at 1561. In so doing, the court employs a hybrid Rule 12(b)(6) and Rule 56 procedure and resolves all factual issues and questions of controlling substantive law in favor of Miller. *Sellers*, 924 F. Supp. at 1118; 16 *Moore's Federal Practice*, 107.14[2][c][iv][C] (Matthew Bender 3d ed.). This requirement is consistent with the long-standing policy of strictly construing the right of removal against the removing parties. 16 *Moore's Federal Practice*, 107.14[2][c][iv][C] (Matthew Bender 3d ed.). In short, as the Eleventh Circuit has explained:

> If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.

*Coker*, 709 F.2d at 1440-41.

In the instant case, defendants contend that Miller's joinder of Smith is fraudulent because Miller cannot maintain any of his alleged causes of action against Smith in the state court. In support of this contention, defendants point to what they

3

claim are several procedural defects. For example, defendants argue that Miller's claim against Smith for negligent procurement of uninsured motorist insurance is barred by the applicable statute of limitations. This argument is not well taken for two reason.

First, statutes of limitations are affirmative defenses that must be pled and that can be waived. Second, under Alabama law, negligence actions are subject to a two-year statute of limitations. Ala. Code § 6-2-38 (1993 Repl. Vol.). As with other causes of action, this limitations period does not begin to run until a cause of action for negligence "accrues." *Sys. Dynamics Int'l, Inc. v. Boykin*, 683 So.2d 419, 421 (Ala. 1996). Recently, the Supreme Court of Alabama explained that, with respect to claims for negligent procurement of insurance, a cause of action does not accrue until the insurer refuses to pay for a loss that triggers its liability under the policy in question. *Bush v. Ford Life Ins. Co.*, 682 So.2d 46, 47 (Ala. 1996).

According to Miller's complaint, the event that triggered State Farm's liability under his uninsured motorist policies was the unfortunate death of his daughter, which occurred on or around March 28, 1997. Compl. at ¶¶ 6-7. Miller's Complaint also alleges, albeit implicitly, that State Farm first refused to honor his claims on those policies between October 24, 1997, and

December 18, 1997. *Id.* at ¶ 10. Thus, given that Miller filed this action on March 10, 1998, it is clear that, contrary to defendants' contention, his negligent procurement claim is not untimely. As explained above, in light of this last fact, the court cannot say that Miller's joinder of Smith was fraudulent. Accordingly, as per *Coker*, this action is due to be remanded to the Circuit Court of Jefferson County, Alabama.

The court will enter a separate an appropriate order in keeping with this memorandum opinion.

DONE this 23rd day of April, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5